# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07CR00016 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **LEONARD ANDRE HUDSON**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Anthony F. Anderson, Anderson & Friedman, Roanoke, Virginia, for Defendant.*

The defendant Leonard Andre Hudson was convicted by a jury of drug and firearms offenses, as well as making a false statement regarding a matter within the jurisdiction of the federal government in violation of 18 U.S.C.A. § 1001 (West 2000 & Supp. 2007). At trial, the defendant moved for judgment of acquittal as to this latter charge on the ground that there had been insufficient proof that the statement, even if false, was within the jurisdiction of a federal agency, or was material to a federal matter. Decision was reserved on this issue pursuant to Federal Rule of

Criminal Procedure 29(a).[1] The defendant has briefed the matter and the reserved motion is now ripe for decision.[2]

By its proof at trial, the government showed, and by its verdict the jury accepted, that on December 4, 2006, the defendant was stopped for speeding on Interstate 77 by a deputy sheriff of Wythe County, Virginia, and gave a false name to the officer. The defendant was thereafter arrested and illegal drugs and a pistol with an altered serial number were found in his vehicle.[3] The defendant was found to have been previously convicted of a felony and thus prohibited from possessing firearms.

In the Superseding Indictment, the defendant was charged in Count Four with a violation of 18 U.S.C.A. § 1001(a)(1) and (2), based on the allegation that he "made a false statement concerning his true identity, in that he falsely asserted he was someone he was not." (Count Four ¶ 4.)

The statute in question provides in pertinent part that

---

[1] The defendant also moved for judgment of acquittal as to other counts of the Superseding Indictment, but the motion was denied as to those counts.

[2] The government did not file a response, although it was given an opportunity to do so.

[3] The specific facts of the traffic stop and the arrest are set forth in the court's opinion denying the defendant's Motion to Suppress. *United States v. Hudson*, 497 F. Supp. 2d 771 (W.D. Va. 2007).

- 2 -

> whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; [or]
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation
>
> . . . .
>
> [shall be punished].

18 U.S.C.A. § 1001(a).

While the government need not prove that the defendant knew of federal agency jurisdiction in the matter, such jurisdiction is a requirement for prosecution. *See United States v. Yermian*, 468 U.S. 63, 68-69 (1984). The specific language "identif[ies] the factor that makes the false statement an appropriate subject for federal concern." *Id.* at 68. In addition, the government must prove beyond a reasonable doubt that the false statement was "material"—meaning at least capable of influencing the function of a federal agency. *See United States v. Ismail*, 97 F.3d 50, 60 (4th Cir. 1996).

The defendant's illegal possession of the firearm in question was certainly within the jurisdiction of the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives to investigate. However, the government offered no evidence at trial that

- 3 -

Case 1:07-cr-00016-JPJ-RSB   Document 65   Filed 01/09/08   Page 3 of 5   Pageid#: 136

the deputy sheriff's questioning of the defendant pursuant to the traffic stop was within that agency's jurisdiction or that the false answers given by the defendant as to his identity were material to the ATF's functions. *See Ismail* at 60-62 (holding that government failed to prove materiality for § 1001 conviction where defendant gave false name to FDIC-insured bank at which he engaged in illegal financial transactions).

Although it is not necessary under § 1001 that the false statements be made directly to a federal agency or employee, *see United States v. Salman*, 189 F. Supp. 2d 360, 363 (E. D. Va. 2002) (defendant falsely identified himself to deputy sheriff at local jail in connection with federal prisoner being held at jail under contract with U.S. Marshals Service), any connection between the false statements here and the federal government is simply to tenuous to support a conviction under Count Four.

The defendant also moves for judgment of acquittal as to Counts Two and Three on the ground that the government's evidence was insufficient to prove his possession of the firearm, found in a bag located on the third seat of the SUV of which he was the sole occupant.

The standard of review for deciding a Rule 29 motion is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond

- 4 -

a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). In determining the issue of substantial evidence, I may neither weigh the evidence nor consider the credibility of the witnesses. *See United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983).

Viewing the evidence as a whole, including the statements made by the defendant to the officer, I find that there was sufficient evidence to support the convictions and I will deny the motion as to Counts Two and Three.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion for Judgment of Acquittal is GRANTED in part and DENIED in part;

2. The Motion for Judgment of Acquittal is GRANTED as to Count Four and the defendant is acquitted as to Count Four of the Superseding Indictment; and

3. The Motion for Judgment of Acquittal is DENIED as to Counts Two and Three.

ENTER: January 9, 2008

/s/ JAMES P. JONES
Chief United States District Judge