# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Case No. 1:07CR00016 |
| v. | )<br>) **OPINION**<br>) |
| LEONARD ANDRE HUDSON, | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Leonard Andre Hudson, Pro Se Defendant.*

Defendant Leonard Andre Hudson filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). The United States moved to dismiss the § 2255 motion as untimely filed, and Hudson has responded, making the matter ripe for disposition. After review of the record, I grant the Motion to Dismiss.

I

On December 4, 2006, a deputy sheriff of Wythe County, Virginia, stopped Hudson for speeding on Interstate 77. During the stop, Hudson gave a false name to the officer. After placing Hudson under arrest, officers conducted a warrantless search of the vehicle he was driving and found illegal drugs and a pistol with an

altered serial number. Hudson had previously been convicted of a felony and was thus prohibited from possessing firearms.

Based upon this evidence, a grand jury of this court returned a four-count Superseding Indictment. Hudson moved unsuccessfully on Fourth Amendment grounds to suppress evidence seized after the traffic stop. *United States v. Hudson*, 497 F. Supp. 2d 771 (W.D. Va. 2007).

Hudson proceeded to trial, and on October 30, 2007, a jury found him guilty of drug and firearms offenses, as well as making a false statement regarding a matter within the jurisdiction of the federal government, in violation of 18 U.S.C.A. § 1001 (West 2000 & Supp. 2012). I granted Hudson's Motion for Judgment of Acquittal as to this latter charge, finding insufficient proof that the statement, even if false, was within the jurisdiction of a federal agency. I denied the motion as to his two other convictions. *United States v. Hudson*, No. 1:07CR00016, 2008 WL 110449 (W.D. Va. Jan. 9, 2008). On appeal, the United States Court of Appeals for the Fourth Circuit affirmed, and the United States Supreme Court denied Hudson's petition for a writ of certiorari and, later, denied Hudson's petition for rehearing. *United States v. Hudson*, 375 F. App'x 353 (4th Cir.) (unpublished), *cert. denied*, 131 S. Ct. 345 (2010), *reh'g denied*, 131 S. Ct. 1594 (2011).

Hudson signed and dated his § 2255 motion on February 1, 2012. He

-2-

Case 1:07-cr-00016-JPJ-RSB   Document 120   Filed 12/19/12   Page 2 of 14   Pageid#: 574

alleges the following grounds for relief: (1) The conviction was obtained using evidence seized in violation of the Fourth Amendment; (2) The federal indictment was defective because it was based on evidence that state authorities had already found to be improperly seized under the Fourth Amendment; (3) Based on the constitutional errors committed against him by state and federal officials, beginning with his arrest, the defendant is actually innocent; and (4) Counsel provided ineffective assistance on appeal.

Hudson later submitted a Motion to Amend that he signed and dated on February 17, 2012. In this motion, he stated the following additional grounds, alleging that counsel provided ineffective assistance by: (5) Failing to investigate and challenge a deficiency of the Indictment; (6) Failing to make a meaningful Rule 29 motion challenging the sufficiency of the evidence; and (7) Failing to "explain at sentencing that one aspect of 18 U.S.C. § 922(g)(1) as applied to Petitioner was constitutionally deficient and prejudicial." By Order entered March 9, 2012, the court took Hudson's Motion to Amend under advisement and granted him an opportunity to provide any additional information or argument regarding the timeliness of the claims raised in the motion, which he did.

## II

### A

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). In the context of post-conviction proceedings, "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 524-25, 527-28 (2003)).

The Supreme Court has not expressly addressed whether the filing period under § 2255(f)(1) begins when the certiorari petition is denied or when a subsequent petition for rehearing is denied. Consistent with the court's statements

-4-

in *Clay* and Supreme Court Rule 16.3,[1] however, the Fourth Circuit and other courts have held that a conviction becomes final for purposes of § 2255(f)(1) when the Court denies the certiorari petition, unless the Court or one of its Justices directs that the order of denial be suspended pending disposition of a petition for rehearing. *See, e.g., United States v. Segers*, 271 F.3d 181, 184 (4th Cir. 2001) (holding that "in the absence of an order of the Court or a Justice thereof, a petition for rehearing of the denial of certiorari has no effect"); *Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007) (citing similar holdings by other circuits,

---

[1] Supreme Court Rule 16.3, entitled "Disposition of a Petition for a Writ of Certiorari," provides:

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. *The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.*

Sup. Ct. R. 16.3 (emphasis added).

consistent with *Clay*).[2]

Under this precedent, Hudson's § 2255 motion (including his Motion to Amend) is untimely under § 2255(f)(1). The Supreme Court denied his certiorari petition on October 4, 2010. Hudson presents no evidence, and the record does not reflect, that any Court order or Justice suspended the effectiveness of the October 4, 2010, order during the pendency of Hudson's petition for rehearing. Therefore, Hudson's conviction became final on October 4, 2010, and the filing period defined in § 2255(f)(1) began running on that date and expired one year later, on October 4, 2011. Hudson did not file his § 2255 motion until February 2012,

---

[2] *See also In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006) (applying Sup.Ct. R. 16.3 and holding that a "conviction becomes final for purposes of triggering the one-year limitations period of section 2255 when certiorari is denied, regardless of whether a petition for rehearing is filed or when such a petition is denied "); *Robinson v. United States*, 416 F.3d 645, 650 (7th Cir. 2005) (holding that "petition for rehearing the denial of [petitioner's] certiorari petition had no effect on the finality of his conviction"); *Campa-Fabela v. United States*, 339 F.3d 993, 993 (8th Cir. 2003) (following *Segers* and other cases); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000) ("[T]he federal judgment of conviction becomes final for purposes of the one year limitation period set forth in § 2255(1) on the date that the Supreme Court denies the defendant's petition for writ of certiorari on direct review."); *United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000) (holding that, based on Sup. Ct. R. 16.3 and absent suspension by an order of the Supreme Court of a Justice, a judgment of conviction is final at the denial of certiorari, "regardless of whether a petition for rehearing from the denial of certiorari is filed.").

-6-

outside the limitations period under § 2255(f)(1).³ Therefore, all of his claims are untimely filed, absent an adequate showing of grounds for tolling.⁴

B

The statutory limitations period under § 2255(f) may be tolled for equitable reasons. *See United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). The defendant must show two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). Any resort to equity must be reserved for those "rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008)

---

³ Hudson has not alleged facts on which his § 2255 motion could be deemed timely under § 2255(f)(2), based on the removal of an impediment, under § 2255(f)(3), based on rights newly recognized by the Supreme Court less than one year before he filed his § 2255 motion, or § 2255(f)(4), based on newly discovered facts concerning his case that he could not have discovered earlier with due diligence.

⁴ A § 2255 claim raised in a motion to amend filed more than one year after the conviction becomes final is barred as untimely under § 2255(f)(1), unless the claim relates back to a timely-filed claim, pursuant to Fed. R. Civ. P. 15(c). *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."); *United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000) (finding that district court did not abuse discretion by denying as time barred defendant's motion to amend filed more than one year after conviction became final). Because Hudson's original § 2255 motion was untimely filed, his Motion to Amend is also untimely, and I deny it on that ground.

(internal quotation marks and citations omitted).

Hudson argues that for equitable reasons, the court should consider his § 2255 claims on the merits, despite the fact that he did not file them within the statutory limitations period, because (a) Hudson was uninformed about when his conviction became final under § 2255(f)(1); (b) counsel provided ineffective assistance regarding post-conviction matters; and (c) Hudson is actually innocent of the offenses for which he was convicted. I do not find that any of these arguments warrant equitable tolling here.

Hudson's own ignorance about the operation of the statute does not constitute a ground for equitable tolling. Simple negligence in calculating the statutory period, whether caused by an attorney's mistake or by a pro se litigant's unfamiliarity with the legal process, lack of legal representation, or lack of access to legal materials giving notice of the time limit, is an insufficient basis upon which to invoke equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330-331 (4th Cir. 2000).

Hudson's assertion that his trial and appellate counsel failed to raise certain issues to the courts at trial, on appeal, and in the certiorari petition, also presents no equitable reason to toll the limitations period. Ineffective assistance by counsel alone does not present an "extraordinary circumstance" warranting equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003). Hudson also does not

state facts demonstrating that any action or inaction by counsel prevented Hudson from filing a timely § 2255 motion between October 2010 and October 2011, or that Hudson reasonably relied on counsel to file a timely § 2255 on his behalf during this period.

C

Another judge of this court has rejected the argument that a claim of actual innocence can equitably toll the limitations period for § 2255 motions otherwise time-barred by application of § 2255(f). *See Crawford v. Johnson*, No. 7:11CV00158, 2011 WL 3420840, at *3 (W.D. Va. Aug. 4, 2011) (Conrad, J.). The Supreme Court recently granted a petition for a writ of certiorari on this issue. *See Perkins v. McQuiggin*, 670 F.3d 665 (6th Cir.), *cert. granted*, 133 S. Ct. 527 (2012).

I need not resolve this legal question to decide Hudson's case, however. Even assuming without finding that actual innocence can equitably toll the limitation period in § 2255(f), Hudson's petition falls short of the necessary factual showing for that exception.[5] Therefore, I conclude that Hudson's § 2255 motion is properly dismissed as untimely filed.

---

[5] As an independent ground for relief from his conviction under § 2255, Hudson's claim of actual innocence is clearly without merit. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

In order to use an actual innocence claim as a procedural gateway to assert claims that are otherwise procedurally barred, the defendant must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The court must consider "all the evidence, old and new, incriminating and exculpatory," without regard to whether it would necessarily be admitted under rules of evidence, and "assess the likely impact of the evidence on reasonable jurors." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted).

1. New Evidence.

Hudson offers two items of new evidence: his parents' affidavits, prepared in 2008, offering their innocent explanations for the drugs and firearm found in the vehicle and later used against Hudson in the federal trial.[6] (Def.'s Mem. Supp., Ex. A, B, ECF No. 106.) The parents' affidavits indicate that in November 2006, they drove from their home in Pennsylvania to West Virginia for a visit. The

---

[6] Hudson also relies on "new" case law issued after his conviction, but more than one year before he filed his § 2255 motion. The new court decisions support, at the most, a challenge to the legal sufficiency of Hudson's convictions. They cannot, however, constitute "new evidence" for the purpose of showing Hudson to be "factually innocent," as required for the equitable exception he seeks.

-10-

father's affidavit states that the father had a .38 caliber handgun in his black bowling bag, and the mother's affidavit states that unbeknownst to Hudson or anyone else, her luggage contained her prescription medications for Oxycontin and Tylox. The affidavits state that on December 4, 2006, after the parents had packed their luggage in a green Explorer for their drive home to Pennsylvania, Hudson took their car to purchase gas and food, unaware that the drugs or the gun were in the car. Both parents' affidavits deny that Hudson had any knowledge of the drugs or the gun and assert that "no crime [was] committed and no law [was] broken." (*Id.*, Ex. A, at 3; Ex. B, at 3.)

B. Trial Evidence.

Counsel advised the court that they had met with Hudson's parents before trial, and the parents had said they would testify on Hudson's behalf about ownership of the items found in the vehicle. (Trial Tr. 12-14, Oct. 30, 2007, ECF No. 93.) In the three weeks before trial, however, Hudson and his counsel were unable to contact the parents by telephone about attending the federal trial, and although they knew the trial date, the parents did not appear on the day of trial. (*Id.* at 14.) Counsel advised Hudson against calling his parents as witnesses, but nevertheless, Hudson wanted the trial continued so that his parents could be there. (*Id.* at 14-15.) I denied Hudson's motion for a continuance (*id.* at 18-19) and the case proceeded to trial.

The prosecution witnesses testified that during the search of the vehicle Hudson was driving when stopped for speeding on December 4, 2006, they found a Mason jar with two or three baggies containing a leafy substance that appeared to be marijuana; baggies containing up to 150 Oxycontin pills; an unmarked prescription bottle of Oxycontin pills; a prescription bottle in Hudson's mother's name, containing Oxycontin pills; an unlabeled bottle containing Tylox pills, a narcotic containing codeine; two methadone pills; and a sawed-off revolver with its serial number partially filed off. (*Id.* at 33-50.) Testimony indicated that Hudson first told police officers that he was driving from West Virginia to North Carolina. Later, Hudson told officers that he was going from North Carolina to West Virginia. (*Id.* 89.) When an officer asked Hudson if everything in the vehicle was his, Hudson answered that the drugs were for his personal use. (*Id.* 90, 93.) Testimony also indicated that after the traffic stop, Hudson repeatedly gave a false name to police officers and to the magistrate. (*Id.* 51, 79, 93.) The defense did not put on any witnesses.

3. Insufficient Showing of Actual Innocence.

In determining whether Hudson has offered new, reliable evidence of actual innocence, I must evaluate his offerings in light of all the evidence and may determine how "the likely credibility of the affiants bear[s] on the probable reliability of" their predicted testimony. *Schlup*, 513 U.S. at 324, 332. Under this

-12-

standard, I cannot find that the affidavits Hudson submits offer reliable or persuasive evidence likely to swing the jurors' vote Hudson's way. The parents' affidavits give only vague descriptions of the gun and drugs they supposedly concealed in their luggage; the father does not mention the alterations made to the handgun or its missing serial number, and the mother does not explain why she had such a large quantity of prescription medication in several different dosages and contained in baggies and unmarked bottles. Neither of the affidavits explains why the parents did not appear for Hudson's trial, and neither states, under penalty of perjury, that the affiants were, or now would be, willing to testify on his behalf. Even assuming that the parents would risk the possibility of incurring criminal charges themselves by testifying for their son, none of Hudson's submissions indicate any reason that the parents' testimony would be sufficiently credible to convince reasonable jurors of Hudson's innocence, in light of the United States' other evidence that Hudson claimed to officers that the pills were his, that he possessed more pills than indicated for personal use, and that he gave false and inconsistent information to officers on the day of his arrest.

For the reasons stated, Hudson does not "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Because Hudson has not made a colorable showing of actual innocence as a ground for equitable tolling of the statutory filing limit in

-13-

§ 2255(f)(3), even if such an exception is available in an extraordinary case, I will grant the Motion to Dismiss and deny the Motion to Amend.

A separate order will be entered herewith.

DATED: December 19, 2012

/s/ James P. Jones
United States District Judge