# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:07CR00016 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LEONARD ANDRE HUDSON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Leonard Andre Hudson, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging that, based on evidence not presented at trial, he is actually innocent of the drug possession and firearm offenses on which he stands convicted. The defendant relies on the recent decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). Upon review of the motion and court records, I find that the § 2255 motion must be dismissed as successive.

Court records indicate that Hudson previously filed a § 2255 motion concerning these same convictions, in which he raised substantially the same claim of actual innocence that he now presents. *See United States v. Hudson*, No. 1:07CR00016, 2012 WL 6617114 (W.D. Va. Dec. 19, 2012), *appeal dismissed*,

522 F. App'x 202 (4th Cir. 2013) (unpublished). I dismissed that earlier § 2255 motion as untimely filed under § 2255(f). 2012 WL 6617114 at *5. Hudson argued that affidavits from his parents, executed in November 2008 after his trial, proved that his father owned the firearm and his mother owned the prescription medication for which Hudson was criminally charged. *Id.* at *4. I found that

> none of Hudson's submissions indicate[d] any reason that the parents' testimony would be sufficiently credible to convince reasonable jurors of Hudson's innocence, in light of the United States' other evidence that Hudson claimed to officers that the pills were his, that he possessed more pills than indicated for personal use, and that he gave false and inconsistent information to officers on the day of his arrest.

*Id.* at 5. On these findings, I ruled that Hudson had not presented a colorable claim of actual innocence so as to warrant equitable tolling of the filing period in § 2255(f). *Id.* at *4-5 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In his current § 2255 motion, Hudson presents affidavits executed by his parents in 2013, his mother's medical records, and his father's purported receipt from the purchase of the firearm at a flea market. Again, Hudson asserts that with this additional evidence, he has shown actual innocence to excuse his procedural default and has proven that his attorney conducted a deficient pretrial investigation.

Section 2255(h), however, limits federal inmates to one § 2255 motion in the district court unless the defendant obtains specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in his second motion meet certain criteria under § 2255(h). In other words, after an initial § 2255

motion is denied, § 2255(h) prohibits litigants from making multiple attempts in the district court to rework their § 2255 claims and evidence, in hopes that the second or third version will achieve a different result. Because Hudson has already pursued his one opportunity to seek relief under § 2255 in the district court, I find that Hudson's current motion is a second or successive one under § 2255(h).[1] Hudson offers no indication that he has obtained certification from the court of appeals to pursue this second or successive § 2255 motion. Therefore, I must dismiss his current action without prejudice.

A separate Final Order will be entered herewith.

DATED: July 2, 2014

/s/ James P. Jones
United States District Judge

---

[1] In limited cases, a second § 2255 motion is not barred as successive under § 2255(h). *See United States v. Hairston*, No. 12-8096, 2014 WL 2600057, at *4 (4th Cir. June 11, 2014) (holding that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant . . . did not exist when the numerically first motion was filed and adjudicated"). Hudson's new evidence here consists of recently executed affidavits from his parents describing facts and providing documentation that existed at the time of his trial proceedings. Thus, Hudson's § 2255 motion does not fall under the exception to the successive petition bar in § 2255 (h) as recognized in *Hairston*.