# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Case No. 1:07CR00016 |
| v. | ) |
| | ) **OPINION** |
| | ) |
| LEONARD ANDRE HUDSON, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, and Christine Madeleine Lee, Assistant Federal Public Defender for Appellate Litigation, Roanoke, Virginia, for Defendant.*

Defendant Leonard Andre Hudson has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255. The United States moves to dismiss the § 2255 motion and Hudson, by counsel, has responded, making the matter ripe for disposition. After review of the record, I will grant the Motion to Dismiss.

On December 4, 2006, Hudson was stopped for speeding. During the stop, Hudson gave a false name to the police officer. After placing Hudson under arrest, officers conducted a search of the vehicle he was driving and found illegal drugs and a pistol with an altered serial number. Based upon this evidence, a grand jury of this court returned a four-count Superseding Indictment. Hudson moved

unsuccessfully on Fourth Amendment grounds to suppress evidence seized after the traffic stop. *United States v. Hudson*, 497 F. Supp. 2d 771 (W.D. Va. 2007).

Hudson proceeded to trial, and on October 30, 2007, a jury found him guilty of possession with intent to distribute oxycodone, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One); transporting in interstate commerce a firearm with an altered serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count Two); possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three); and making a false statement regarding a matter within the jurisdiction of the federal government, in violation of 18 U.S.C.A. §§ 1001(a)(1) and (2) (Count Four). I granted Hudson's Motion for Judgment of Acquittal as to Count Four, finding insufficient proof that his statement, even if false, was within the jurisdiction of a federal agency. I denied the motion as to his other convictions. *United States v. Hudson*, No. 1:07CR00016, 2008 WL 110449 (W.D. Va. Jan. 9, 2008), *aff'd,* 375 F. App'x 353 (4th Cir.) (unpublished), *cert. denied*, 562 U.S. 937 (2010), *reh'g denied*, 562 U.S. 1266 (2011). On March 24, 2008, Hudson was sentenced to a total of 188 months imprisonment, consisting of 188 months on Counts One and Three, and 60 months on Count Two, such terms to run concurrently. J. 2, Mar. 26, 2008, ECF No. 71.

Hudson filed a § 2255 motion on February 1, 2012, which was denied as untimely. *United States v. Hudson*, No. 1:07CR00016, 2012 WL 6617114 (W.D. Va. Dec. 19, 2012), *appeal dismissed*, 522 F. App'x 202 (4th Cir. 2013) (unpublished). He filed a second § 2255 motion on June 15, 2014, which was denied as successive. Op., July 2, 2014, ECF No. 132.

On July 1, 2015, Hudson filed a third § 2255 motion, this time based upon the decision of the Supreme Court in *Johnson v. United States,* 135 S. Ct. 2551 (2015), which motion was also dismissed as successive. Op., July 15, 2015, ECF No. 148.

By order of September 8, 2015, the Federal Public Defender for this district was appointed to represent Hudson in connection with his possible *Johnson* claim. On June 21, 2016, the court of appeals granted Hudson leave to file a successive motion under § 2255, finding that he had made a prima facie showing that the new rule of constitutional law announced in *Johnson*, made retroactive by *Welch v. United States*, 136 S. Ct. 1257 (2016), may apply to his case. Order, No. 15-310 (4th Cir. June 21, 2016), ECF No. 154. That same day, Hudson's pro se § 2255 motion was filed in this court, raising a *Johnson* claim. On June 30, 2016, counsel for Hudson filed an amended § 2255 motion that elaborated on his claim, asserting that Hudson had been sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and that based upon *Johnson*, his prior Pennsylvania state

convictions for misdemeanor assault, burglary, and robbery no longer qualified as violent felonies under the ACCA. While the United States initially filed a Motion to Dismiss, contending that that Hudson's predicate offenses (other than burglary) did qualified as proper predicates under the enumerated crime clause of the ACCA, it thereafter filed an amended response, withdrawing its Motion to Dismiss, and agreeing that Hudson was entitled to relief.

Based upon the United States' concession, this court granted Hudson's § 2255 motion and vacated his prior sentence, subject to resentencing. Order, Jan. 5, 2017, ECF No. 186. Upon further review of the record, however, the court determined that Hudson had not been sentenced as an armed career criminal under the ACCA, but rather as a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1. An order was promptly entered by the court vacating the prior grant of relief. Order, Jan. 6, 2017, ECF No. 188. The § 2255 motion was then held in abeyance awaiting the decision of the Supreme Court as to the applicability of *Johnson* to the career offender guideline.

Following the decision of the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that career offenders under the Sentencing Guidelines could not raise a cognizable claim under *Johnson*, the court permitted further briefing by the parties, which has been now completed. The matter is thus ripe for decision.

The United States urges the court to dismiss Hudson's § 2255 motion in light of *Beckles*. Hudson, while conceding that he was sentenced after *United States v. Booker*, 543 U.S. 220 (2005), contends that at the time of his sentencing in 2008, "courts in the Fourth Circuit and elsewhere still kept the United States Sentencing Guidelines effectively mandatory," thus attempting to distinguish *Beckles*. Reply to Mot. Dismiss 2, May 25, 2017, ECF No. 206.

I do not find any merit in Hudson's argument. Beckles himself was sentenced under the 2006 version of the Guidelines, 137 S. Ct. at 890, and the Supreme Court made it clear in his case that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness," *id*. at 897. To parse the degree of adherence by the courts to the Guidelines over time is unsupportable.

For these reasons, the United States' Motion to Dismiss will be granted and the defendant's § 2255 motion will be denied. A separate final order will be entered herewith.

DATED: June 19, 2017

/s/ James P. Jones
United States District Judge